### PEOPLE ex rel. INTERNATIONAL ELEVATING CO. v. ROBERTS.

(Supreme Court, Appellate Division, Third Department. November 14, 1906.)

1. COMMERCE—FOREIGN COMMERCE—POWER OF THE STATE—TAXATION—FRANCHISE TAX.

The franchise tax imposed under Laws 1896, p. 856, c. 908, § 182, providing that every corporation shall pay a tax, to be computed upon the basis of its capital stock employed in the state, at a rate determinable by the per cent. of dividends declared, is upon the intangible right of the corporation to exercise its franchise, and may be imposed, though the business of the corporation is interstate or foreign commerce.

[Ed. Note.—For cases in point, see Cent. Dig. vol. 10, Commerce, §§ 113–118.]

2. TAXATION—PERSONS LIABLE—CORPORATIONS—FRANCHISE TAX—COMPUTATION.

Laws 1896, p. 856, c. 908, § 182, provides that every corporation shall pay a tax "to be computed upon the basis * * * of its capital stock employed within the state," at a rate determinable by the per cent. of dividends paid. Held that, since the amount of the tax is not dependent on the amount of business done or the length of time the capital is engaged, a corporation whose floating grain elevators and barges were engaged both within and without the state cannot object to an alleged error in the computation of its capital, based on the proportionate amount of business done within the state.

3. SAME—WHAT CONSTITUTES CAPITAL.

Bonds purchased as an investment with surplus earnings of a corporation engaged in the operation of floating grain elevators is not capital on which to compute the amount of the tax, within the meaning of the section.

Certiorari by the people, on the relation of the International Elevating Company, against James A. Roberts, as Comptroller of the state of New York. Determination of the Comptroller modified and affirmed.

This is a certiorari to review the determination of the Comptroller assessing the franchise tax against the relator at $973.66 in the year 1896. The relator is incorporated under the laws of New Jersey, and has there a formal office for the election of officers and the performance of such business as is necessary to be performed in that state in order to comply with the laws of its incorporation. Its business and business offices are conducted in and from the city of New York. It operates 13 floating elevators, used upon the waters of New York Bay to elevate grain from canal boats or trains into the ocean-going steamers for shipment abroad. Its work is done upon the waters of the bay, partly within the state of New Jersey and partly within the state of New York. It also owns two barges in said waters, which are used by it for hire to such persons as may desire to use them, and for such purposes as they require in either state. Some of the elevators move from place to place as required by their own motive power, and others are towed by another boat having power. The Comptroller determined the total number of days in which the elevators worked, and then ascertained the number of days they worked within the state of New York, and by comparing those figures determined the

proportionate amount of its capital as represented by the value of the boats employed within this state, to which he added the bank balance in New York, $70,178, United States bonds $100,000, office furniture $500, which, with the value of the boats employed in New York, $385,712, made $556,390, the total capital found to be employed within the state of New York, and upon that basis the tax was determined. The relator contends that the company is not taxable at all because it is engaged in the business of foreign and interstate commerce, and any such taxation under the state law is an attempt to regulate foreign or interstate commerce, and that the $100,000 invested in United States bonds is surplus earnings, and no part of its capital, and therefore not taxable.

Argued before SMITH, CHESTER, KELLOGG, and COCHRANE, JJ.

The Attorney General (Horace McGuire, Dep. Atty. Gen., of counsel), for respondent.

Dykeman & Carr (A. Dudley Britton, of counsel), for relator.

KELLOGG, J.   The franchise tax imposed under section 182 of the tax law (chapter 908, p. 856, Laws 1896) is not a tax upon the earnings or property of the corporation, but in the case of either a foreign or a domestic corporation is upon the "mere intangible right to exercise a franchise."  People ex rel. U. S. A. P. P. Co. v. Knight, 174 N. Y. 475, 484, 67 N. E. 65, 69 (63 L. R. A. 87).  In that case such a tax against a foreign corporation, computed upon the value of letters patent issued by the United States government, was sustained; the court laying down the rule that the value of property exempt under the laws of the United States may be used as a basis for computing the amount of the tax, referring to the fact that, while the United States government is not taxable by a state, a transfer tax may be computed and collected on account of a legacy to it, for the reason that the tax is not upon the legacy, but the right of succession.  In People ex rel. Penn R. R. Co. v. Knight, 171 N. Y. 354, 64 N. E. 152, 98 Am. St. Rep. 610, the question was not decided, but it is evident that the court was of the opinion that a franchise tax under this section of the statute might be computed upon the gross earnings of a foreign corporation from interstate commerce.  In People ex rel. Hatch v. Reardon, 184 N. Y. 431, 77 N. E. 970, the unanimous opinion of the Court of Appeals seems to tend in the same direction. . Therefore, even if the business of the relator was interstate or foreign commerce, that furnishes no valid objection to this tax.

But is unnecessary to determine whether the floating elevators were engaged in foreign or interstate commerce or in a domestic business, for the reason that the use by the relator of the two barges in the state of New York was clearly a domestic business within the state, and made it liable for this tax under the language and spirit of the tax law.  The amount of the tax does not depend upon the precise length of time for which the corporation carries on business, or upon the amount of business done.  If relator chooses to engage in such business, it becomes liable for the tax, to be computed upon its capital engaged within the state, even though the amount of business is very small.  When the relator is shown to be taxable, then the amount of the tax is solely for the Legislature to determine, and it may tax a gross sum or provide

that the tax may be computed upon such basis as it may direct.  People ex rel. U. S. A. P. P. Co. v. Knight, supra; People ex rel. Travelers' Insurance Co. v. Kelsey (decided at this term of court) 101 N. Y. Supp. 1139.

The relator, therefore, has no just cause of complaint against the determination of the Comptroller, except that it appears that in determining the amount of capital within the state he included the amount of $100,000 of government bonds which was not capital employed within the state, but was an investment of surplus earnings of the company which had been accumulated in good years to be used if necessary in lean years.  These surplus earnings should not have been considered in determining the amount of the tax.  People ex rel. Singer Mfg. Co. v. Wemple, 150 N. Y. 46, 44 N. E. 787; People ex rel. U. V. Copper Co. v. Roberts, 156 N. Y. 585, 51 N. E. 293.

The determination of the Comptroller, therefore, should be modified by deducting therefrom the amount of $175.08, the amount of tax computed against such surplus earnings, and, as thus modified, is confirmed, without costs.  All concur; COCHRANE, J., in result.