THE PEOPLE OF THE STATE OF NEW YORK ex rel. CLAIRE BELLE DRESSES, INC., Relator, *v.* STATE TAX COMMISSION, Respondent.

Third Department, September 7, 1927.

Taxation — corporation franchise tax on net income under Tax Law, art. 9-A — tax for year beginning November 1, 1919, was paid under protest — corporation contended it had ceased business — tax was refunded — corporation resumed business in 1924 — proceeding was reopened at request of corporation and tax assessed against it — State Tax Commission had power, under Tax Law, § 218, to make assessment — cessation of business does not preclude State from right to tax — assessment is valid.

The relator made a report on July 1, 1919, of its net income for the year ending October 31, 1918, for the purpose of taxation under article 9-A of the Tax Law. A tax based on that report payable in advance was assessed for the year beginning November 1, 1919, and that tax was paid under protest in December of that year. The corporation contended that it had ceased business, transferred its assets and that the tax should be refunded. The State Tax Commission in 1920 directed a refund of the tax. From 1919 to 1924 the business was carried on under a partnership. In 1924 the corporation resumed business and on an application to increase its capital stock the State Tax Commission informed the corporation that it was liable for the tax assessed in 1919. While this liability was disputed, the corporation, though no application for revision was made, was granted further hearings and upon those hearings the State Tax Commission determined that the tax should be paid. The relator, by submitting to further hearings and not contending that the determination made in 1920 was final, waived all rights under the first determination. The so-called second proceeding must be treated as the first proceeding reopened. The State Tax Commission had the power to reopen the first proceeding and make the final determination under section 218 of the Tax Law.

Furthermore, the assessment of the tax for the year beginning November 1, 1919, was lawful. It is no defense to such an assessment that the corporation ceased business during the tax year.

CERTIORARI issued out of the Supreme Court and attested on the 28th day of February, 1925, directed to the State Tax Commission, commanding it to certify and return to the office of the clerk of the county of Albany, all and singular its proceedings had in assessing a franchise tax against the relator under article 9-A of the Tax Law for the taxable year commencing November 1, 1919.

*Paskus, Gordon & Hyman* [*Arthur B. Hyman* of counsel], for the relator.

*Albert Ottinger, Attorney-General* [*W. Roger Hunt* and *Wendell P. Brown* of counsel], for the respondent.

472 PEOPLE EX REL. CLAIRE BELLE D., INC., *v.* STATE TAX COMM.

Third Department, September, 1927. [Vol. 221

VAN KIRK, J. A domestic corporation, the Claire Belle Dresses, Inc., was organized in November, 1917, to manufacture wcmen's dresses. It began and did business. Under date of July 1, 1919, while still doing business, it made its report for the franchise tax pursuant to article 9-A of the Tax Law (§ 211, added by Laws of 1917, chap. 726, as amd. by Laws of 1919, chap. 628; since amd.), showing that its net income for the year ending October 31, 1918, was $28,124.43. The tax for the year beginning November 1, 1919, was thereupon assessed and payment in advance demanded. On December 31, 1919, the tax was paid under protest. In an affidavit filed with the Commission is set forth the resolution passed October 31, 1919, which authorized the distribution of the corporate assets and contained this: " that said corporation cease to transact business from and after the 31st day of October, 1919, until the further order of the Board." It asked " for the refund of said tax upon the ground that the corporation, though not by statutory proceedings, had in effect dissolved and completely ceased business on October 31, 1919," and stated " that the charter has been abandoned and the corporation does not contemplate resuming operations under said charter; " that the corporation had disposed of all its assets. After considerable correspondence, on March 16, 1920, the following letter was sent to the relator:

" GENTLEMEN.— Based upon the affidavit of this company received February 28, 1920, the franchise tax assessed under Article 9-A of the Tax Law for the tax year beginning November 1, 1919, is hereby canceled. The State Comptroller upon application will refund the amount of franchise taxes overpaid.

" Respectfully yours,
" STATE TAX DEPARTMENT
" By N. W. CANFIELD,
" *Deputy Commissioner.*"

The amount paid under protest was then returned to relator. This for convenience we call the first determination.

A partnership had been organized about October 31, 1919, consisting of directors and stockholders of the corporation, together with Frank Wolff, who apparently had been chief salesman for the corporation. This firm took over all the assets and equipment of the corporation which had been distributed to the stockholders. It continued until 1924 the same business under the same business name, Claire Belle Dresses, Inc., which name it registered as its trade name. At all times the firm had the business, the personnel, the good will and the distinguishing name of the corporation. In 1924 one member of the firm withdrew and the remaining three,

two of whom were members of the corporation and the third Wolff, its salesman, decided to resume the corporate form under the old charter, which still had life; it had never been dissolved and its officers and directors had never resigned. The directors were called together and acted. Application was made to increase the capital stock of the corporation and thus the matter came to the attention of the Tax Department, which immediately informed the relator that it was liable for the tax which had been assessed in 1919. The relator disputed the liability. On October 21, 1924, it requested by letter that a statement of the facts be submitted to the court for its determination, adding: " If the taxpayer is liable, it will of course have to pay the tax." The Tax Commission refused this request, but permitted further hearings before it. No " application for revision " was filed to institute a new proceeding under section 218 of the Tax Law (added by Laws of 1917, chap. 726, as amd. by Laws of 1920, chap. 640; Laws of 1921, chap. 443, and Laws of 1922, chap. 507), but further hearings were had and thereafter it was determined that the relator was liable for the tax for the year beginning November 1, 1919. Thereupon the relator paid the tax. At no time did the relator invoke the " first determination " as an adjudication in its favor.

It is our opinion that the relator has waived any and all rights under the first determination. The record shows that it intended, when it went before the Commission the second time, to have complete rehearing in respect to the legality of the tax. This so-called second proceeding must be looked upon as a part of the first proceeding — an opening of that proceeding and a further hearing by consent; otherwise the Commission had no authority to act, because a hearing under section 218 is only authorized when the application for revision is filed " within one year from the time any such account shall have been audited and stated." This period had expired. The relator itself invoked this action by the Commission. After having been further heard and the legality of the tax having been determined, rightly as we think, it should not now be allowed to successfully question the right of the Commission to act in the premises. The Commission had authority under this section 218 to revise and adjust the " account " in which is the disputed tax and must upon the evidence submitted determine whether or not (1) the tax was " lawfully demanded; " or (2) a payment thereof " has been illegally made or exacted." Having determined these two issues it must settle the account " according to law and the facts," adjust the " account " accordingly and " send notice of its determination thereon to the corporation forthwith." This it has done in this case, acting at the request of the relator.

The assessment of the franchise tax in 1919 was lawful. Though the assets of the corporation had been distributed and the stock certificates surrendered and canceled, the corporation still existed and held a valid charter. (*Brock* v. *Poor*, 216 N. Y. 387.) A domestic manufacturing corporation is liable for the tax whether or not it exercises its franchise during the tax year. (Tax Law, § 209, added by Laws of 1917, chap. 726, as amd. by Laws of 1919, chap. 628; since amd.) The liability is not based upon the actual exercise of its franchises, but upon the privilege of exercising them in the State. (*People of the State of New York* v. *Jersawit*, 263 U. S. 493.) Every such corporation possesses that privilege. The tax is payable in advance, that is, before it could be known whether or not the corporation would exercise its franchise during the whole or part of the year. It was held in the *Jersawit Case* (*supra*) that the tax is not apportionable at the demand of a corporation which has not exercised its franchise during the entire year; when the tax is once legally assessed and paid, there can be no proportionate refund though the corporation did business but one day of the tax year. That a corporation had declared its intention to cease doing business the day before the beginning of the tax year and had disposed of, or was about to dispose of, its assets, does not affect its liability for the tax. So long as a corporation has life, it can begin doing business on any day of the year, as this corporation did in the fall of 1924. Dissolution alone can relieve a corporation from liability for the tax. Of course, if the corporation has not had a net income during the year next preceding the tax year, it is liable only for the minimum tax. (See Tax Law, § 214, added by Laws of 1917, chap. 726, as amd. by Laws of 1919, chap. 628; since amd.) In the fall of 1919 this corporation was liable for the franchise tax based on its net income for the year ending October 31, 1918; it follows that it was not entitled to a refund thereof.

We do not find it necessary to discuss whether the changes above set forth were made for the purpose of avoiding taxes, nor the power of the Tax Commission to review its former decision.

The determination should be confirmed, with fifty dollars costs and disbursements.

COCHRANE, P. J., HINMAN, McCANN and DAVIS, JJ., concur.

Determination confirmed, with fifty dollars costs and disbursements.