In the Matter of the Voluntary Dissolution of COMMERCIAL SAFE DEPOSIT COMPANY OF BUFFALO.

Supreme Court, Erie County, July 25, 1933.

*Burke & Desmond [Thomas C. Burke of counsel], for the petitioner.*

*John J. Bennett, Jr., Attorney-General, for the State Tax Commission.*

HINKLEY, J. The above-named banking corporation ceased to do business on the 22d day of June, 1931, pursuant to the command of this court which ordered " that the business of the Commercial Safe Deposit Company of Buffalo be and the same hereby is declared closed." The company, having complied with the other requirements of the order, asks that it be declared dissolved. The Attorney-General objects to the dissolution of the company until it has paid its franchise tax since the time it ceased to do business. The company contends that it is not required to pay a franchise tax for that period. " The general franchise of a corporation is its *right* to live and do business by the exercise of the corporate powers granted by the state." (*People ex rel. Met. Street Ry. Co.* v. *Tax Commissioners,* 174 N. Y. 417, 435.)

A franchise tax is levied upon a corporation in return for the *privilege granted* by the government *to exercise* its franchise (Tax

Law, § 209), as distinguished from the general corporation tax which is levied upon a corporation in return for the privilege of exercising its corporate franchise *or of holding property.* (Tax Law, § 182.) " This [a franchise tax] is not a tax upon property, although it is measured by the value of property, but upon *the right* of a corporation to *exist and exercise the powers granted by its charter."* (*People ex rel. U. S., etc.,* v. *Knight,* 174 N. Y. 475, 478.) " To justify the inference that a corporation has surrendered its franchises \* \* \* it must have lost all power to continue or ' to resume its business.' " (*Bradt* v. *Benedict,* 17 N. Y. 93, 97.)

The petitioning corporation surrendered its franchise on June 22, 1931, and was, by order of this court, stripped of its power to do business, exercise its franchise or resume its business. The right to exercise its franchise upon which a franchise tax is predicated ceased to exist in the company at that time.

The fact that a corporation does not exercise its franchise does not relieve it from taxation so long as it retains *the right to exercise* its franchise. The suggestion that the court might have revoked its order of June 22, 1931, is of no force for the reason that the order was not revoked and the power of such revocation rested solely in the court and not with the corporation. The plain reading of the statute and the mere statement of facts carry with them conviction. This court, by its formal order, closed the business of the corporation, took from it the right to exercise its franchise, prevented it from continuing or renewing its business and had no right to tax it by virtue of a former right in the corporation to exercise its franchise, which right the State had taken away from the corporation.

The general statements in the opinion of *People ex rel. Claire Belle Dresses, Inc.,* v. *State Tax Commission* (221 App. Div. 471) are not controlling in this case because the State itself, which seeks to levy this tax, had deprived the corporation of its right to exercise its franchise.

Motion granted.