JOHN B. BRADY and Another, Copartners, Doing Business as BRADY PALMER PRINTING COMPANY, Plaintiffs, *v.* STATE TAX COMMISSION, Defendant.*

Supreme Court, Kings County, May 28, 1941.

*George Dyson Friou,* for the plaintiffs.

*John J. Bennett, Jr., Attorney-General [Oscar S. Mann, Assistant Attorney-General,* of counsel], for the defendant.

LOCKWOOD, J.   Motion for summary judgment in an action for a declaratory judgment.

Plaintiffs seek a judgment (1) determining the amount of the tax and penalties which became a lien against the property formerly belonging to Brady Palmer Printing Company; (2) adjudging all taxes assessed for any period after December 16, 1929, to be null and void.

The plaintiffs have offered to pay $700 in satisfaction of the tax claim.   The State claims the sum of $2,185.51.

The corporation was formed in June, 1912; three-fifths of the stock being issued to Mr. Brady and two-fifths to Mr. Palmer. In 1926 or 1927 new stock certificates were issued so that each owned one-half the stock and each thereafter received one-half the profits.

On December 16, 1929, the corporation was dissolved by proclamation of the Secretary of State for non-payment of franchise taxes, pursuant to section 203-a of the Tax Law.

* See 258 App. Div. 739.

The plaintiffs contend:

(1) That most of the claims are barred by the Statute of Limitations, the six-year statute applying to franchise taxes for each year, the two-year statute to the penalty for non-payment;

(2) That there was no power to tax the business under article 9-A (§ 208 *et seq*), of the Tax Law, for the period following its dissolution, on December 16, 1929, up to and including the year 1934.

The defendant contends its claim is not barred by the Statute of Limitations by reason of the provisions of section 219-k of the Tax Law, and that by the express provisions of section 208 of the Tax Law, plaintiff's business, because of the manner of its operation subsequent to the dissolution, was taxable.

There is no dispute as to the facts as alleged in the pleadings, and revealed by the examination before trial of plaintiffs and by the tax reports filed by them.

The questions of law presented are:

(1) Was plaintiff's business taxable under article 9-A of the Tax Law, after the dissolution of the corporation on December 16, 1929?

(2) Are any or all of defendant's tax claims barred by the Statute of Limitations?

It is claimed that, from the time the corporation was formed in 1912 down to 1934, the owners of this business did not know it was subject to franchise taxes and did not know the corporation had been dissolved in 1929 for non-payment thereof. Consequently, they continued to operate the business after 1929 in exactly the same manner as they had before. Mr. Brady, designated as president, and Mr. Palmer, designated as treasurer, signed checks on the bank accounts of the company and each owned a certificate for one-half the stock of the dissolved corporation. They also filed corporation income tax returns for the years in question, executed by Mr. Brady and Mr. Palmer as president and treasurer, respectively.

Commencing in the year 1935, unincorporated businesses conducted by individuals, partnerships, associations, etc., were taxable under article 16-A (§ 386 *et seq*.) of the Tax Law. If plaintiffs' business is taxable for the years prior to 1935, it must be under article 9-A of the Tax Law, or not at all.

Section 208 of the Tax Law provides that the term " ' corporation ' includes * * * any business conducted by a trustee or trustees wherein interest or ownership is evidenced by certificate or other written instrument."

Counsel for the Tax Commission contends that upon the dissolution of the corporation, Brady and Palmer, as they were directors,

became trustees, accountable to the corporation's creditors for the corporation's property coming into their possession; that during the years in question the business was conducted by trustees and the respective interests of the owners were evidenced by written certificates of stock, and that plaintiffs' business was, therefore, a " corporation " under the provisions of section 208 of the Tax Law.

The plaintiffs, while conceding that any franchise taxes for years prior to 1929 are valid liens against the business property of Brady and Palmer, contend that, as a result of the dissolution proclamation, the corporation became legally dead, and as its existence was at an end, it was no longer subject to a franchise tax.

Irrespective of the legal status of the corporation following its dissolution, it is certain that it had no effect on the actual conduct of the business. It continued in the same manner and under the corporate name, as before. The two officers, directors and stockholders, did not attempt to liquidate and wind up the corporate business. Nor was there at that time, as plaintiffs' counsel suggests, any transfer of the corporate assets and business to Brady and Palmer as copartners. Since the owners of the business claim they had no knowledge of the dissolution until the end of 1934, there was no intention on their part to form a partnership and transfer to it the corporation's property and business. On the contrary, the owners continued to run the business in the form of a corporation.

The question here is not whether the two sole stockholders, officers and directors of the corporation, upon the dissolution in 1929, could have turned over to themselves as copartners the assets and business of the corporation and thereafter operated the business as a copartnership, and thereby avoided liability for franchise taxes for the succeeding years. The question here is whether the owners of the business, by continuing to operate it as a corporation after the dissolution, subjected it to taxation under article 9-A.

It has been held that section 29 of the General Corporation Law does not apply to corporations which have been dissolved for nonpayment of taxes pursuant to section 203-a of the Tax Law. (*Seventy-Three First Avenue Corp., Inc.*, v. *Braunstein Bros. Carbonic Sales Corp.*, 168 Misc. 842, 843; affd., 170 id. 657.)

A corporation dissolved under section 203-a is legally dead and can no longer sue or be sued, except in the limited respects specifically permitted by the statute. Its existence has been terminated and it is not even a *de facto* corporation.

Beyond question, Brady and Palmer continued the corporate business without legal authority and presumed to exercise a right which they did not have.

Therefore, the inquiry narrows down to the question whether the tax exacted from a business corporation by article 9-A of the Tax Law, " for the privilege of exercising its franchise in this State in a corporate or organized capacity " is a tax upon a right conferred, or upon the attempted exercise of a presumed right and does not, in fact, exist.

In a case involving the New York State franchise tax statute, the United States Supreme Court said in *People of the State of New York* v. *Jersawit* (263 U. S. 493, 496): " We are of opinion that the tax is a tax upon the right conferred, not upon the actual exercise of it, * * * *."

In *People ex rel. Claire Belle Dresses, Inc.,* v. *State Tax Commission* (221 App. Div. 471; affd., 248 N. Y. 568) it was held that franchise tax was due from a corporation for a period after the assets of a corporation had been distributed and the stock certificates surrendered and canceled, but while the corporation still existed and held a valid charter. The court stated (p. 474): " The liability is not based upon the actual exercise of its franchises, but upon the privilege of exercising them in the State. * * * Dissolution alone can relieve a corporation from liability for the tax."

A franchise tax is one " upon the right of a corporation to exist and exercise the powers granted by its charter." (*People ex rel. United States Aluminum Printing Plate Co.* v. *Knight,* 174 N. Y 475.)

Accordingly, in *Matter of Commercial Safe Deposit Co. of Buffalo* (148 Misc. 527), it was held that the tax levied by section 209 of the Tax Law is " in return for the *privilege granted* by the government to *exercise* its franchise " and that the State could not levy a franchise tax on a corporation after it had surrendered its franchise and was stripped of its power to do business.

Therefore, upon the applicable statutes and the authorities above mentioned, it must be held that the defendant may not levy a franchise tax on the plaintiffs' business for the period subsequent to the dissolution of the corporation. The tax is one upon the privilege granted by the State for the lawful exercise of the corporate franchise, not a penalty for the unlawful usurpation of a privilege that has been withdrawn. When the State dissolved the corporation, it terminated the right to tax the franchise thus ended.

Judgment shall be rendered accordingly. .

Settle order on notice.