## POSTAL TELEGRAPH–CABLE COMPANY *v.* CITY OF FREMONT.

ERROR TO THE SUPREME COURT OF THE STATE OF NEBRASKA.

No. 156. Submitted January 18, 1921.—Decided February 28, 1921.

A small license tax, imposed by a city on a telegraph company for the privilege of doing intrastate business, is not to be declared an unconstitutional burden on its interstate business merely because the local business is unprofitable, where the tax ordinance was in force when the company entered the place and the tax was paid without objection for a series of years,—the circumstances thus repelling any intent to invade interstate commerce in levying it,— and where the state law affords means to prevent the tax from burdening the interstate business through an application to increase intrastate rates, of which the company has not sought to avail itself. P. 127.

103 Nebraska, 476, affirmed.

THE case is stated in the opinion.

*Mr. John N. Sebrell, Jr.,* for plaintiff in error.

*Mr. Robert E. Evans* for defendant in error. *Mr. Charles E. Abbott* and *Mr. John F. Rohn* were also on the brief.

MR. JUSTICE McKENNA delivered the opinion of the court.

The City of Fremont is a city of Nebraska of the first class, having more than 5,000 and less than 25,000 inhabitants. By an ordinance duly enacted in 1903 and reënacted in 1907, there was levied a license tax upon businesses and occupations within the city including telegraph offices. Upon these offices it levied a tax of $60.00 per year on the business and occupation of sending

messages from the city to any place in the State, and receiving messages transmitted from any place in the State to the city, except messages received from or transmitted to any department, agency or agent of the United States, and except messages which were interstate commerce.

Plaintiff in error, herein called the Postal Company, is a corporation engaged in such business within the city, it having been in December, 1881, permitted by the constituted authorities of the city, in the manner provided by its ordinance, to occupy and use the streets of the city for that purpose, the ordinance providing that it was "subject to such regulations as have been or may be provided by ordinance," and that nothing in the article granting such consent to the use and occupation of the streets should "be construed to prevent said city from further regulating, licensing or taxing any person, company or corporation owning, using or operating any telephone or telegraph lines within the corporate limits of said city." The Postal Company in accordance with the ordinance paid a license tax of $60.00 a year for the years 1903 to 1914, each inclusive, but did not pay for the years 1915 and 1916, and this action was brought for the recovery of the same with interest at 7%.

The defenses of the Postal Company set up in its answer are that it is compelled by the charter of its organization to do intrastate as well as interstate telegraphing, that it paid the license tax for the years alleged inadvertently and without recognition of its legality; that it has accepted the terms of the Post Road Act of July 24, 1866, and is entitled to its benefits; that the tax is confiscatory and prohibitive and deprives the company of its property without due process of law in violation of the Fourteenth Amendment of the Constitution of the United States. In specification of this defense it is alleged that the receipts of the company for 1914 on its

intrastate business were only $108.28, and for the year 1915, $83.96, and that the expenses properly chargeable against these years respectively, exclusive of the tax, were $185.56 and $154.26, and that its loss on intrastate business would have to be made up from interstate business; that the city is under no expense by reason of the poles and wires of the company being in the city, and that $60.00 a year is in excess of a rental charge upon them and that the streets are post roads within the meaning of the Post Road Act of 1866. In further defense the answer alleges that the tax is one on interstate commerce; that it deprives the company of the equal protection of the laws and impairs the obligation of a contract, both in violation of the Constitution of the United States.

The case was tried to a jury, which, after evidence taken, was instructed by the court to return a verdict for the city in the sum of $135.00.

A motion for new trial was denied and judgment was rendered upon the verdict. It was affirmed by the Supreme Court of the State, the Supreme Court deciding: (1) the tax was "not a mere license or regulation measure, but one designed for revenue purposes," and that its extent was "a matter for the judgment and discretion of the municipal government, subject only to the restriction that it must not be prohibitory." Citing 2 Cooley on Taxation, 3rd ed., 1139, 1440. (2) The tax was not prohibitive; that proof of loss for two years without showing what volume of business was available in the municipality, or what portion was done by the company or what its facilities were for handling the business, was not sufficient to show that a tax of $60.00 imposed for revenue purposes on the privilege of doing an intrastate business in a city of over 8,000 inhabitants was unreasonable. (3) In imposing an occupation tax for revenue purposes a municipality acts as the agent of the State, and where a tax is imposed upon a telegraph company doing an in-

trastate and an interstate business and the revenue derived from its intrastate business as a whole becomes insufficient and the tax may become a burden on its interstate business, "Section 7409, Rev. St. 1913, provides a remedy."

The only contention that the Postal Company makes here is that the tax "is in effect an imposition upon its interstate business." It has this effect, is the assertion, because the net receipts from its "intrastate business at Fremont are insufficient to pay the tax, which if compelled, must be paid from the company's interstate business," because it is required to do an intrastate business by § 7408 of the state statutes and its charges are prescribed by the section. For the contention and its supporting assertions the company relies on *Postal Telegraph-Cable Co. v. City of Richmond,* 249 U. S. 252.

We cannot assign to that case the determining force that counsel attribute to it. The case clearly declares that a license tax may be lawfully imposed on a telegraph company for the right to do business within the borders of the municipalities of a State. The power, of course, has its limitations and must be exercised with due relation to the company's interstate business. That relation is always to be considered but it is not disposed of by the simple assertion of a loss. The cause of it or the condition of it is to be considered. In this case the tax is $60.00 a year. It certainly cannot be said that it is repellent from its amount, and there is no pretense that its imposition "is a disguised attempt to tax interstate commerce." The Postal Company when it entered the city, the ordinance levying the tax then being in existence, did not declare against its legality or complain of its detrimental operation. Indeed, for the privilege of entering the city it subjected itself to further regulation, licensing and taxing. And it paid the tax from that time until 1914. The allegation in its answer that it paid the

tax "through the mistake and inadvertence of" its "clerical force" we are not disposed to accept, without more, as an explanation.

The Supreme Court expressed the view that mere proof of loss for two years, which may have been exceptional, determined nothing in the absence of a showing what business was available to the company or what facilities it had or used, and also held that the city being an agent of the State any deficit arising from the tax imposed on the intrastate business of the company can be prevented from becoming a burden upon the company's interstate business by an application to the State Railway Commission under the provisions of § 7409 for an increase of its intrastate rates. And the suggestion is pertinent. The company, as we have seen, cites § 7408 as a compulsion upon it to engage in intrastate business and at designated rates. From the rigor of the requirement § 7409 provides a mode of relief, and until it is denied the company cannot complain under the circumstances presented by this record. In other words, if § 7408 is imperative upon the company to continue intrastate business, § 7409 affords a means of obtaining relief from burdensome obedience. The sections are counterparts. If submission to § 7408 results in insufficient revenue and a burden upon interstate commerce, it is made the duty of the Railway Commission by § 7409 upon complaint of the Postal Company to raise the intrastate rate "fixed" in § 7408. No attempt to secure relief under § 7409 appears to have been made.

*Judgment affirmed.*