The People of the State of New York ex rel. Bass, Ratcliff & Gretton, Limited, Appellant, *v.* State Tax Commission, Respondent.

**Tax — franchise tax on foreign corporations for privilege of doing business in this state — validity of provision of statute authorizing comparison of total assets of corporation with assets within the state as a basis for the computation of the sum on which the tax is to be computed.**

1. The annual tax imposed upon foreign business corporations (Tax Law [Cons. Laws, ch. 60], § 209) authorized to do business in the state of New York which makes a portion of its net income earned wholly outside the state the basis of the taxable net income in New York, is, although in practical operation an income tax, primarily a tax levied for the privilege of doing business within the state. (*People ex rel. Alpha P. C. Co.* v. *Knapp,* 230 N. Y. 48, followed.)

2. Where a year's business of a foreign corporation, transacted within the state, produces no net income, and a basis for the tax is found under that part of the statute that provides for a comparison of the total assets with the assets in the state of New York as a basis

for the computation of the sum on which the tax is to be computed, such a method of levying the tax is not inherently arbitrary, and, therefore, unconstitutional, as a tax on property outside the state because the income out of which the tax is paid is property outside of the state of New York and as such beyond the jurisdiction of the state. The statute attaches a value to the privilege of doing business in this state based not on the net income produced in this state merely, but on the proportion of its capital employed here.

*People ex rel. Bass, Ratcliff & Gretton* v. *State Tax Comm.*, 198 App. Div. 963, affirmed.

(Argued October 11, 1921; decided October 18, 1921.)

APPEAL from an order of the Appellate Division of the Supreme Court in the third judicial department, entered September 7, 1921, which affirmed, on certiorari, a determination of the state tax commission in assessing a franchise tax against the relator.

*Robert C. Beatty* for appellant. The tax imposed by the Corporation Tax Law of New York is a tax upon property — an income tax — and the apportionment provided by the statute bears no relation to income earned in the state, and the tax upon this foreign corporation is unconstitutional as taxing its income and property without the state. (*People ex rel. Alpha Portland Cement Co.* v. *Knapp,* 230 N. Y. 48; *International Paper Co.* v. *Massachusetts,* 246 U. S. 135; *Locomobile Co.* v. *Massachusetts,* 246 U. S. 146; *Union Tank Line Co.* v. *Wright,* 249 U. S. 275; *Looney* v. *Crane Co.,* 245 U. S. 178; *Meyer* v. *Wells Fargo & Co.,* 223 U. S. 298; *Crew Levick Co.* v. *Pennsylvania,* 245 U. S. 292; *Western Union Telegraph Co.* v. *Kansas,* 216 U. S. 1; *Pullman Co.* v. *Kansas ex rel. Coleman,* 216 U. S. 56; *Ludwig* v. *Western Union Telegraph Co.,* 216 U. S. 146; *Fargo* v. *Hart,* 193 U. S. 490; *Galveston, H. & S. A. R. Co.* v. *Texas,* 210 U. S. 217; *Atchison, T. & S. F. R. Co.* v. *O'Connor,* 223 U. S. 280; *Union Refrigerator Transit Co,* v. *Kentucky,* 199 U. S. 194; *Delaware,*

44   People ex rel. Bass, Ratcliff, etc., *v.* Tax Comm.

[232 N. Y. 42]          Points of counsel.          [Oct.,

*L. & W. R. R. Co.* v. *Pennsylvania*, 198 U. S. 341.)
Even though the tax be considered as a franchise tax,
such a method of assessment based on property and
income therefrom without the state of New York is
unconstitutional. (*Wallace* v. *Hines*, 253 U. S. 66;
*Looney* v. *Crane Co.*, 245 U. S. 178; *International Paper
Co.* v. *Massachusetts*, 246 U. S. 135; *Atchison, T. & S. F.
R. Co.* v. *O'Connor*, 223 U. S. 280.)   The situs of all of
the appellant's net income is outside the state of New
York and outside the United States, and all of the
proportion of its total net income taxed by the state
of New York was earned and has its situs outside of the
state of New York. (*State Tax on Foreign-held Bonds*,
15 Wall. 300; *State ex rel. Manitowac Gas Co.* v. *Wisconsin
Tax Com.*, 161 Wis. 111; *National Metal Edge Box Co.* v.
*Town of Readsboro*, 111 Atl. Rep. 386; *Louisville Ferry
Co.* v. *Kentucky*, 188 U. S. 385; *Dewey* v. *Des Moines*,
173 U. S. 193; *Welton* v. *Missouri*, 91 U. S. 275, 278;
*Western Union Telegraph Co.* v. *Kansas*, 216 U. S. 1;
*Meyer* v. *Wells Fargo & Co.*, 223 U. S. 298; *Looney* v.
*Crane Co.*, 245 U. S. 178; *International Paper Co.* v.
*Massachusetts*, 246 U. S. 135; *Bethlehem Motors Corp.* v.
*Flint*, U. S. Supreme Court, decided June 1, 1921.)

*Charles D. Newton, Attorney-General (C. T. Dawes* of
counsel), for respondent.   The tax is a franchise tax
(not an income tax) for the privilege of doing business
in this state.   Relator did business in this state during
the taxing year November 1, 1918, to November 1, 1919,
and should under the terms of the statute (as well as
in equity) pay the tax.   (Cons. Laws, ch. 60, § 209.)
The tax under article 9-a of the Tax Law is based on the
" entire net income " wherever received in the United
States or elsewhere.   This is apparent from the many
provisions of the statute, especially that (§ 214) which
measures the tax by a comparison of assets throughout
the world with assets in New York.   (Cons. Laws, ch. 60,

art. 9-a.)    The tax is not an income tax but is a franchise tax measured by income.    (*People ex rel. Barcalo Mfg. Co.* v. *Knapp,* 227 N. Y. 64; *Cadwalader* v. *Lederer,* 273 Fed. Rep. 879; *People ex rel. N. E. D. M. & W. Co.* v. *Comptroller,* 155 N. Y. 408; *Maxwell* v. *Bugbee,* 250 U. S. 525; *U. S. Glue Co.* v. *Town of Oak Creek,* 247 U. S. 321; *Peck & Co.* v. *Lowe,* 247 U. S. 165; *Flint* v. *Stone Tracy Co.,* 220 U. S. 107; *Kansas City R. R.* v. *Kansas,* 240 U. S. 227; *Home Ins. Co.* v. *New York,* 134 U. S. 594; *Baltic Mining Co.* v. *Massachusetts,* 231 U. S. 68.)

Pound, J.    Relator is a foreign manufacturing corporation organized under the laws of Great Britain and authorized to do business in the state of New York. For the privilege of doing business in this state it must annually pay in advance for the year beginning November first next preceding an annual franchise tax to be computed by the tax commission upon the basis of its net income for the year preceding.    (Tax Law [Cons. Laws, ch. 60], § 209.)    Its business in New York was the importation and sale of Bass ale manufactured at Burton-on-the-Trent.    The question is as to the amount of the annual franchise tax for the year beginning November 1, 1918. It had in the year 1918 total segregated assets wherever located $3,212,405; actual value of shares of stocks of other corporations $845,195, a total of $4,057,600. Limiting the value of such shares to ten per centum of the aggregate real and tangible personal property (Tax Law, § 214, subd. 6) the commission found total assets of $3,501,483; assets in New York $44,117.    Its total net income for the year was $2,185,600.    Its total sales in New York for the year amounted to about $240,000. Its net income from the New York business was nothing. The state tax commission under section 215 of the Tax Law providing for the computation of the tax by a comparison of total assets with assets in New York, allocated as taxable income to the state of New York

**46** People ex rel. Bass, Ratcliff, etc., *v.* Tax Comm.

[232 N. Y. 42]          Opinion, per Pound, J.          [Oct.,

the sum of $27,537.68, and computed a tax thereon at the rate of three per cent, amounting to $826.14. This tax was in lieu of all other taxes on personal property, capital stock or income. (Tax Law, § 219-j; § 350, subd. 7.) The method of computation is stated in detail in the recent case of *People ex rel. Alpha P. C. Co.* v. *Knapp* (230 N. Y. 48).

The sole question considered on this appeal is the constitutionality of the operation of the Tax Law which makes as the basis of relator's taxable net income in New York a portion of its net income earned wholly outside the state.

The tax is denominated a franchise tax and although we have said in another connection (*People ex rel. Alpha P. C. Co.* v. *Knapp, supra,* p. 57) that "the tax imposed upon this franchise must be held in practical operation to be a tax upon the income * * *. This tax is equivalent to a tax upon relator's income," it is primarily a tax levied for the privilege of doing business in the state. Relator's business, although unprofitable in the year 1918, was extensive in its nature.

When in the practical workings of the statute by virtue of circumstances, a year's business produces no net income, is so much of the statute as provides for a comparison of the total assets with the assets in the state of New York as a basis for the computation of the sum on which the tax is to be computed basically a tax on property outside the state because the income out of which this tax is paid for this year by this corporation is property outside the state of New York and as such beyond the jurisdiction of the state?

We think the question should be answered in the negative. Such a method of levying a franchise tax is not inherently arbitrary. It is based on a comparison of the total assets with the assets in New York. Nor has its application to this corporation produced an unreasonable result in the moderate sum assessed in lieu of all other

taxes on its personal property, capital stock or income. It would on the contrary seem unreasonable thus to exempt relator from taxation on its large though unprofitable business in this state. ( *Underwood Typewriter Co.* v. *Chamberlain,* 254 U. S. 113; *Postal Telegraph-Cable Co.* v. *City of Fremont,* 255 U. S. 124, 127.) The statute attaches a value to the privilege of doing business in this state based not on the net income produced in this state merely but on the proportion of its capital employed here. Generally speaking, such a franchise tax is not unfair. Like other tax laws, it may in individual cases work hardship and inequality, not because the mode of measurement necessarily attaches a value to and imposes a tax upon tangible property beyond the jurisdiction of the state and thereby arbitrarily and unreasonably increases the local burden by a resort to foreign assets as in the *Alpha Case* (*supra*) but because the fortunes of trade and business fluctuate with changing laws and customs and at times throw the burden of the tax upon the going concern as a whole and not on the local branch.

The order appealed from should be affirmed, with costs.

HISCOCK, Ch. J., HOGAN, CARDOZO, MCLAUGHLIN, CRANE and ANDREWS, JJ., concur.

Order affirmed.