In the Matter of STATE TAX COMMISSION OF THE STATE OF NEW YORK, Judgment Creditor, against UNION GENERAL CORP., Judgment Debtor. NATIONAL CITY BANK OF NEW YORK, Third Party.

Supreme Court, Special Term, New York County, June 30, 1955.

*Abraham Blume, Mortimer M. Kassell* and *Francis Kelliher* for State Tax Commission.

*J. Edward Lumbard, United States Attorney for the Southern District of New York (Thomas C. Burke* of counsel), for United States of America.

*Shearman & Sterling & Wright* for third party.

Cox, J.   Motion by the State Tax Commission of the State of New York, under section 794 of the Civil Practice Act, for an order directing the third party, National City Bank, to pay to the State Tax Commission the $2,601.03 on deposit with them to the credit of the judgment debtor, Union General Corporation. The Government opposes the motion, claiming it has priority over the money by virtue of its Federal tax liens.   The National City Bank, being a mere stakeholder, takes no position in this controversy.

The question presented is whether the State or the Government has a prior lien over the bank deposit of the corporation.

The claims of both arise out of tax liens.   The State's lien in the sum of $4,645.79 is for corporate franchise taxes which accrued on the 1st day of November, in the years 1942 to 1944, inclusive.   On October 3, 1952, a warrant for the unpaid franchise taxes was filed in the office of the New York County Clerk and docketed as a judgment.

The Government's lien aggregating $157,569.39 is for income and excess profits tax for various years from 1941–1946.   The assessment lists with respect to the Federal taxes were received by the Collector of Internal Revenue in 1947 and 1949.   Notice of these liens was filed on March 26, 1953, with the clerk of the United States District Court for the Southern District of New York, with the register of the City of New York, New York County, and a copy was served on the National City Bank.   Later that same day, a third-party subpœna was served by the State upon the bank, returnable April 9, 1953.   On April 8, 1953, the bank was served with a levy and warrants of distraint for taxes by the Director of Internal Revenue.

In accord with sections 3670 and 3671 of title 26 of the United States Code, the Federal taxes became a lien on all the real and personal property of the corporation at the time the assessment lists, showing the amount of taxes, were received by the Collector of Internal Revenue, which was in 1947 and 1949.

On the other hand, under section 219-c of the Tax Law in effect prior to 1944, the lien for corporate franchise taxes attached to the corporate property as of the date it was payable and

continued until it was paid, and under section 213 of the Tax Law in effect since 1944, the taxes became a lien on the date the report was required to be filed. Thus the franchise taxes became liens in 1942 to 1944, inclusive. However, the franchise taxes were not assessed and the amounts were not determined until at or about the time the warrants were issued in October, 1952. Both our State and Supreme Court of the United States have held that until such time as the franchise taxes were assessed and fixed, it was merely an inchoate lien upon the corporate property. (*Smith* v. *Meader Pen Corp.*, 255 App. Div. 397, affd. 280 N. Y. 554; *New York* v. *Maclay*, 288 U. S. 290.)

In determining the priority of these statutory liens by the principle of law '' the first in time is the first in right '', as annunciated by Chief Justice Marshall in *Rankin* v. *Scott* (12 Wheat. [United States] 177), I hold that the Government's lien has priority over the State because the latter's lien was inchoate and not perfected at the time the assessment list was filed with the Collector in 1947 and 1949 (*United States* v. *Gilbert Associates*, 345 U. S. 361; *United States* v. *New Britain*, 347 U. S. 81; *United States* v. *Acri*, 348 U. S. 211; *United States* v. *Scovil*, 348 U. S. 218).

I am also constrained to hold that though the unpaid corporate franchise taxes were entered in the judgment docket pursuant to the provisions of article 9-A of the Tax Law before the collector filed the required notice, the State Tax Commission was not a '' judgment creditor '' under section 3672 of title 26 of the United States Code, which provides that the tax lien of the United States shall not be valid against any judgment creditor until the collector has filed the required notice (*United States* v. *Gilbert Associates, supra*).

Accordingly, the motion is denied without prejudice to the institution of a plenary action.