**UNITED STATES of America,**
**Plaintiff,**

v.

**LINZER CLEANING & DYEING CORP., Angela Parisi, as Chairman of the Workmen's Compensation Board of the State of New York, Sidney Schwamm, Joseph Apfel and David L. Frankel, Defendants.**

United States District Court
S. D. New York.
May 25, 1959.

Arthur H. Christy, U. S. Atty., New York City, for plaintiff. Marguerite R. deSmet, Asst. U. S. Atty., New York City, of counsel.

Louis J. Lefkowitz, Atty. Gen., of New York, for Workmen's Compensation Board of the State of New York and its Chairman. John J. Quinn, Asst. Atty. Gen., of counsel.

LEVET, District Judge.

Plaintiff, United States of America, has moved for summary judgment. The

issue involves interpretation of the words "judgment creditor" in Title 26 U.S.C.A. § 6323. The U.S.A. and the Workmen's Compensation Board of the State of New York (hereinafter called the "Board") each claims priority to a certain fund.

The facts are undisputed and in substance are as follows:

(1) On October 17, 1958, plaintiff filed a Notice of Federal Tax Lien in the amount of $5,634.66 with the Register of the City of New York, Bronx County, covering withholding, social security and unemployment taxes assessed against the defendant Linzer Cleaning & Dyeing Corp. (hereinafter called "Linzer") for the months of July and August, 1958.

(2) On October 17, 1958, notices of levy in the amount of $5,703.17, covering the above-mentioned taxes, plus statutory additions were served upon defendants Sidney Schwamm, Joseph Apfel and David L. Frankel. These defendants had the following interests, derived by reason of the sale on May 2, 1958 of Linzer's business to Frankel for the sum of $2,500:

(a) Frankel had paid Linzer the sum of $750 prior to the closing of the sale. An additional $750 in cash was paid at the sale and 20 promissory notes, each in the sum of $50, payable monthly, amounting to a total of $1,000, were likewise delivered to complete the purchase price of $2,500. The notes were secured by a chattel mortgage.

(b) Schwamm and Apfel, attorneys, hold in escrow the cash of $750, the notes of $1,000 and the chattel mortgage.

(3) On October 17, 1958, the date on which the notice of levy above mentioned was served, Schwamm and Apfel held the sum of $635.75 in cash, together with 15 promissory notes and the mortgage securing the notes. Thus, at that date Frankel owed Linzer the sum of $750 on the notes. Both Frankel and Schwamm concededly are stakeholders and have agreed to turn over the above-mentioned monies, notes and mortgage to the party

determined by this court to be entitled thereto.

(4) The only adverse claimant to these assets as against the U.S.A. is Angela Parisi, Chairman of the Board. The Board claims to be a "judgment creditor" of Linzer by virtue of the following facts:

(a) On May 27, 1958, a Notice of Determination of Employer Liability Under the Disability Benefits Law was served upon defendant Linzer.

(b) An order for payment dated August 8, 1958, was addressed to defendant Linzer.

(c) An Affidavit of Regularity signed by Edith L. Hendon, Assistant Counsel to the Board, was filed reciting all of the foregoing and non-compliance by Linzer and directing the Clerk of Bronx County to enter judgment against Linzer.

(d) An order signed by the County Clerk of Bronx County, dated September, 12, 1958, directed the entry of a judgment in the sum of $405.59 and the issuance of an execution therefor.

This procedure apparently followed the provisions of Section 219 of the New York Workmen's Compensation Law, McKinney's Consol.Laws, c. 67, which is as follows:

"§ 219. Enforcement of payment in default

"In case of a default in the payment of any benefits, assessments or penalties payable under this article by an employer who has failed to comply with the provisions of section two hundred eleven of this chapter or refusal of such employer to reimburse the fund under section two hundred fourteen for the expenditures made therefrom pursuant to section two hundred thirteen or to deposit within ten days after demand the estimated value of benefits not presently payable, the chairman may file with the county clerk for the county in which the employer has his principal place of busi-

ness (1) a certified copy of the decision of the board or order of the chairman, or (2) a certified copy of the demand for deposit of security, and thereupon judgment must be entered in the supreme court by the clerk of such county in conformity therewith immediately upon such filing."

(5) On October 6, 1958, the Board served third party subpoenas and restraining orders on defendants Schwamm and Apfel.

(6) This action was commenced on October 21, 1958, plaintiff demanding judgment, declaring its lien to be a valid and subsisting first lien on all monies owing by Frankel to Linzer, including the monies, notes and mortgage held in escrow by defendants Schwamm and Apfel, and that the judgment direct defendants Frankel and Schwamm to pay over to plaintiff the aforesaid monies, notes and mortgage in partial satisfaction of plaintiff's lien against Linzer, and for costs against the Board.

(7) The defendants Linzer and Schwamm have failed to appear and are now in default.

The relevant federal statutes, to wit, §§ 6321, 6322 and 6323(a) (1) of the Internal Revenue Code of 1954, Title 26 U.S.C.A. are as follows:

"§ 6321.  Lien for taxes

"If any person liable to pay any tax neglects or refuses to pay the same after demand, the amount (including any interest, additional amount, addition to tax, or assessable penalty, together with any costs that may accrue in addition thereto) shall be a lien in favor of the United States upon all property and rights to property, whether real or personal, belonging to such person."

"§ 6322.  Period of lien

"Unless another date is specifically fixed by law, the lien imposed by section 6321 shall arise at the time the assessment is made and shall continue until the liability for the amount so assessed is satisfied or becomes unenforceable by reason of lapse of time."

"§ 6323.  Validity against mortgagees, pledgees, purchasers, and judgment creditors

"(a) Invalidity of lien without notice.—Except as otherwise provided in subsection (c), the lien imposed by section 6321 shall not be valid as against any mortgagee, pledgee, purchaser, or judgment creditor until notice thereof has been filed by the Secretary or his delegate—

"(1) Under state or territorial laws.—In the office designated by the law of the State or Territory in which the property subject to the lien is situated, whenever the State or Territory has by law designated an office within the State or Territory for the filing of such notice * * *."

The only question involved in this motion is whether or not the Board is a "judgment creditor" within the meaning of Section 6323 of the Internal Revenue Code of 1954.

The relative priority of the lien of the U.S.A. for unpaid taxes is a federal question, determined by federal law.   United States v. Acri, 1955, 348 U.S. 211, 213, 75 S.Ct. 239, 99 L.Ed. 264; Aquiline v. United States of America, 1957, 3 N.Y.2d 511, 515, 169 N.Y.S. 2d 9.   The Board is not a "judgment creditor" within the meaning of the federal statute.   United States v. Gilbert Associates, Inc., 1953, 345 U.S. 361, 73 S.Ct. 701, 97 L.Ed. 1071.   In this case the Supreme Court in the opinion of Mr. Justice Minton wrote:

"A cardinal principle of Congress in its tax scheme is uniformity, as far as may be.   Therefore, a 'judgment creditor' should have the same application in all the states.   In this instance, we think Congress used the words 'judgment creditor' in § 3672 in the usual, conventional sense of a judgment of a court of record, since all states have such courts.

We do not think Congress had in mind the action of taxing authorities who may be acting judicially as in New Hampshire and some other states, where the end result is something 'in the nature of a judgment,' while in other states the taxing authorities act quasi-judicially and are considered administrative bodies.

"We conclude that whatever the tax proceedings of the Town of Walpole may amount to for the purposes of the State of New Hampshire, they were not such proceedings as resulted in making the Town a judgment creditor within the meaning of § 3672." 345 U.S. at pages 364–365, 73 S.Ct. at page 703.

See also 26 Code of Federal Regulations, Sections 301.6323–1(a) (2) (i) (b) and 301.6323–1(a) (2) (ii), which read in part as follows:

" * * * Nor does the term 'judgment' include the determination of a quasi-judicial body or of an individual acting in a quasi-judicial capacity, such as, for example, the action of State taxing authorities. United States v. Gilbert Associates (1953), 345 U.S. 361 [, 73 S.Ct. 701, 97 L.Ed. 1071]; and United States v. City of New Britain (1954), 347 U.S. 81 [, 74 S.Ct. 367, 98 L.Ed. 520].

"(ii) The determination whether a person is a * * * judgment creditor, entitled to the protection of section 6323(a), shall be made by reference to the realities and the facts in a given case rather than to the technical form or terminology used to designate such person."

This determination has been recognized and followed by New York State courts. See State Tax Commission v. Union General Corp., Sup.Ct., N.Y., 1955, 208 Misc. 133, 144 N.Y.S.2d 75; Lincoln Savings Bank of Brooklyn v. L. Blau & Sons, Sup.Ct., Queens, 1955, 148 N.Y.S. 2d 208.

The Board here is not a "judgment creditor" in the usual, conventional sense since it commenced no action, filed no complaint, served no summons, allowed no opportunity to answer and prepared no judgment. It may have something "in the nature of a judgment," but it is not a "judgment creditor" under the interpretation of the statute hereinbefore mentioned.

Accordingly, plaintiff's motion for summary judgment is granted.

Settle order on notice.