JAMAICA SAVINGS BANK, Plaintiff,

v.

Nathaniel E. MORGAN et al., Defendants.

Civ. A. No. 62–C–780.

United States District Court
E. D. New York.

Dec. 20, 1962.

John L. A. Bond, Mineola, N. Y., for plaintiff, by Benjamin S. Blair, New York City.

Joseph P. Hoey, U. S. Atty., for defendants, by Edwin Eisen, Asst. U. S. Atty.

MISHLER, District Judge.

On the settlement of the judgment of foreclosure and sale, defendant, United States of America, objects to the provision of a proposed judgment directing the Master as follows:

"Second: He shall pay the taxes, water rates and assessments, with interest and penalties which become liens on said premises to the date of sale;"

The objection is based on the claimed priority of the judgment lien of the Government over subsequent taxes, water rates and assessments.

In addition to the mortgage loan made by plaintiff upon which this mortgage foreclosure is based, plaintiff made an improvement loan to the home owner and obtained insurance from the Federal Housing Administration, pursuant to the National Housing Act. The loan was unsecured. Upon default, plaintiff obtained judgment against defendant. The judgment was docketed in the office of the County Clerk, and became a lien on defendant's real property on April 11, 1962. Upon demand of plaintiff, pursuant to its contract of insurance, the F.H.A. reimbursed plaintiff the amount of its loss, and received an assignment of the judgment on May 28, 1962.

The issue before the Court is whether the judgment lien is prior in right to taxes, water rates and assessments which

became choate subsequent to the date said judgment was assigned to the Government. That is, whether state law (Civil Practice Act, § 1087) or federal, is determinative of the Government's rights.

■ The right to fix priority of liens rests with the federal courts when the United States is a lienor. Aquilino v. United States, 1960, 363 U.S. 509, 80 S.Ct. 1277, 4 L.Ed.2d 1365. The superiority of the right of federal tax liens over subsequently accruing local tax liens is clear. United States v. New Britain, 1954, 347 U.S. 81, 74 S.Ct. 367, 98 L.Ed. 520. The rationale for this theory appeared in an earlier Fourth Circuit decision in which the court, citing McCulloch v. Maryland, 4 Wheat. 316, 436, 4 L.Ed. 579, stated that the federal tax lien was an interest that could not be affected by the exercise of state taxing power. United States v. City of Greenville, 1941, 4th Cir., 118 F.2d 963.

"Whether viewed as an interest of the federal government in the property to which it has attached or as an instrumentality of the federal government for the collection of taxes due that government, it is beyond impairment by the exercise of state power. In the first view, it must be remembered that property of the federal government may not be taxed by the states without the consent of Congress * * *." Id. 118 F.2d at 965.

This reasoning was applied too, in City of New Brunswick v. United States, 1928, 276 U.S. 547, 48 S.Ct. 371, 72 L.Ed. 693, in which the Court held that a security "interest, being held * * * for the benefit of the United States, is paramount to the taxing power of the State and cannot be subjected by the City to sale for taxes." Id. 276 U.S. at 556, 48 S.Ct. at 373, 72 L.Ed. 693.

■ It therefore appears that once the federal lien attaches, the state has no power through its local taxing authority to in any way reduce that interest by subsequent taxes. This principle,

familiarly invoked as to federal tax liens, applies with equal vigor to other interests held by the Federal Government. In United States v. Ringwood Iron Mines, Inc., 1957, N.J., 151 F.Supp. 421, aff'd, 3d Cir., 1958, 251 F.2d 145, the Court achieved this result by using the New Britain formula of first in time, first in right. See also, United States v. Roessling, 5th Cir., 1960, 280 F.2d 933, in which the Court, relying on New Brunswick, gave priority to a federal mortgage lien.

In Buffalo Savings Bank v. Victory, 1962, 11 N.Y.2d 31, 226 N.Y.S.2d 382, 181 N.E.2d 413, the New York Court of Appeals sustained the right of the referee to pay subsequent taxes as "expenses of sale" pursuant to Civil Practice Act, § 1087. This in effect would give priority of such subsequent taxes over federal tax liens which are prior in time. Cert. was granted by the United States Supreme Court (United States v. Buffalo Savings Bank, 370 U.S. 915, 82 S.Ct. 1554, 8 L.Ed.2d 497) and the question is presently before it. An attempt to reconcile these apparently contrary views is based upon the premise that United States v. New Britain, supra, is a direct contest between the United States and the local government, while Buffalo Savings Bank v. Victory, supra, is one between the mortgagee and a creditor of the mortgagor. United States v. Herman, 1962, 2d Cir., 310 F.2d 846.

■ The interest of the Federal Government here arises from its contract of insurance entered into pursuant to the National Housing Act. Protection of federal property against the state taxing power is not based upon a specific grant of immunity from Congress in favor of the particular interest. Silence has been interpreted as a withholding of Congressional consent to tax such interest. The interest of the Federal Government arising out of a judgment lien assigned to it under the National Housing Act is federal property. The same logic which protects federal interests in real property arising from federal tax liens and mortgages is here applicable. Upon

the Federal Government acquiring an interest in real property, priority of right is based on priority of time—first in time, first in right.

Prudence dictates that final disposition should await determination by the Supreme Court of Buffalo Savings Bank v. Victory, supra. In addition to this consideration, there is a possibility that the issue may not be real in this case, since the Court has been advised that there is reason to believe that the proceeds of the sale will be less than the amount of plaintiff's judgment. For these reasons, the Court has directed sale of the subject premises free of the objectionable condition. After payment of Master's fees and expenses of advertising the notice of sale, the judgment provides that the proceeds be deposited subject to the further Order of this Court.

Judgment of foreclosure and sale signed this day.