**UNITED STATES of America,
Plaintiff,**

v.

**COMPTROLLER OF the CITY OF NEW YORK, State Tax Commission, the City of New York, New York City Housing Authority, John Rivera, Samuel Goldstein & Sons, Esqs. and Morris A. Sidikman, Esq., Defendants.**

United States District Court
S. D. New York.
Nov. 26, 1965.

Robert M. Morgenthau, U. S. Atty., Southern Dist. of New York, New York City (Dawnald R. Henderson, Asst. U. S. Atty., New York City, of counsel), for plaintiff.

Leo A. Larkin, Corporation Counsel of City of New York, New York City (David A. Ettinger, Asst. Corporation Counsel, New York City, of counsel), for Comptroller of City of New York, City of New York, and New York City Housing Authority.

Louis J. Lefkowitz, Atty. Gen. of State of New York, New York City (Lewis Esterman, Asst. Atty. Gen., New York City, of counsel), for State Tax Commission.

MacMAHON, District Judge.

The United States, the State of New York, and the City of New York assert claims against a fund of $8,631.18 held by the Comptroller of the City of New York for distribution pursuant to the order of this court. The fund represents the remaining proceeds of a condemnation award for real property formerly belonging to the Mutual Holding Corporation, a now defunct entity. The United States moves for summary judgment, and the State and City join in the motion asking this court to determine order of priority of liens. Certain private citizens

have made claims against the fund, but we disregard them; one private claimant has defaulted, and, in any event, the fund is insufficient to satisfy all prior governmental liens.

The United States claims $348.27 plus interest for taxes assessed July 31, 1956, and $256.98 plus interest for taxes assessed August 31, 1956. These liens were properly filed on December 11, 1956. The United States also claims $2,599.67, plus interest from September 14, 1955, as the balance due on a judgment of that date. The judgment arose from the defunct corporation's dishonoring a note that had been insured under Title 1 of the National Housing Act, 12 U.S.C. §§ 1702–1706d (1964). Pursuant to the insurance, the FHA paid the judgment which was then assigned to the United States on March 28, 1957; the United States filed a transcript of judgment on October 4, 1957.

The State of New York asserts claims for corporate franchise taxes that the defunct corporation failed to pay for the years 1955–58. The State claims $1,676.-02 plus interest and $211.50 penalty for the 1955 taxes. A warrant for these taxes was filed September 22, 1958. The State also asserts claims for taxes, plus interest and penalties, for the years 1956–58, as follows:

| Year | Tax | Penalty |
|------|-----|---------|
| 1956 | $3,880.32 Plus Interest | $1,305.50 |
| 1957 | $ 25.00 Plus Interest | $ 10.25 |
| 1958 | $ 25.00 Plus Interest | $ 7.25 |

The State filed a warrant January 18, 1961 for the 1956, 1957, and 1958 taxes, interest, and penalties.

The City of New York asserts claims for real estate taxes, water charges, and sewer rent, with interest, for the years 1955–59. The New York City Housing Authority claims $98.05 for rental payments for use and occupancy of the condemned premises by the defunct corporation after title vested in the City on October 16, 1959. The unpaid City real estate taxes, water charges, and sewer rent as-sessed against the property while owned by the defunct corporation are:

Real Estate Taxes

Fiscal Year 1955–56

| | | |
|---|---|---|
| 1st Half (7/1 – 12/31/55) | | $259.05 |
| 2nd Half (1/1 – 6/30/56) | | $315.20 |

Fiscal Year 1956–57

| | | |
|---|---|---|
| 1st Half (7/1 – 12/31/56) | | $326.40 |
| 2nd Half (1/1 – 6/30/57) | | $326.40 |

Fiscal Year 1958–59

| | | |
|---|---|---|
| 2nd Half (1/1 – 6/30/59) | | $338.40 |
| 1959 Water Charges | | $ 82.00 |
| 1959 Sewer Rent | | $ 27.33 |

Where federal liens are involved, priority of liens is determined by federal law, which follows the common law rule of first in time, first in right, except where specifically varied by statute. Meyer v. United States, 375 U.S. 233, 236, 84 S.Ct. 318, 11 L.Ed.2d 293 (1963); United States v. City of New Britain, 347 U.S. 81, 85, 74 S.Ct. 367, 98 L.Ed. 520 (1954); United States v. Christensen, 218 F.Supp. 722, 729 (D.Mont.1963); Jamaica Sav. Bank v. Morgan, 226 F. Supp. 668, 669–670 (E.D.N.Y.1962).

The State and City claim that the first in time rule does not apply to the federal judgment lien. They assert that the judgment is subordinated to their later tax liens by § 7 of the National Housing Act, 55 Stat. 365 (1941), 12 U.S.C. § 1706b (1964). Section 7 provides:

"Nothing in this subchapter shall be construed to exempt any real property acquired and held by the Commissioner in connection with the payment of insurance heretofore or hereafter granted under this subchapter from taxation by any State or political subdivision thereof, to the same extent, according to its value, as other real property is taxed."

The State, however, is clearly not entitled to any benefit from that section because § 7 applies only to taxes on real property. The State asserts claims for corporate franchise taxes imposed as a tax for the privilege extended by the State of permitting the exercise of a corporate

franchise. N.Y.Tax Law, McKinney's Consol.Laws, c. 60 § 209(1); People ex rel. Bass, Ratcliff & Gretton, Ltd. v. State Tax Comm., 232 N.Y. 42, 133 N.E. 122 (1921), aff'd, 266 U.S. 271, 45 S.Ct. 82, 69 L.Ed. 282 (1924); Brady v. State Tax Comm'n, 176 Misc. 1053, 29 N.Y.S. 2d 88 (Sup.Ct.1941), aff'd, 263 App.Div. 955, 33 N.Y.S.2d 384 (2d Dep't), aff'd, 289 N.Y. 585, 43 N.E.2d 719 (1942). This is so, even though the tax is partly measured by the value of the corporation's real property and becomes a lien upon the corporation's real property, for that cannot transform a franchise tax into a tax on real property.

It is unnecessary to decide whether § 7 subordinates the federal judgment lien to the City tax claims because we find below that the fund is sufficient to satisfy in full all City tax claims and all federal claims, making the order of priority between them academic.

■ The federal tax liens were fully perfected when filed on December 11, 1956. Int.Rev.Code of 1954, § 6323(a); N.Y.Lien Law, McKinney's Consol.Laws, c. 33, § 240(1); United States v. Kings County Iron Works, 224 F.2d 232, 237 (2d Cir. 1955). The federal judgment lien was perfected October 4, 1957 when the transcript of judgment was filed. The State tax claims, however, were inchoate and therefore not perfected until warrants were filed, because until then the identity of the lienor, the property subject to the lien, and the amount of the lien were not established. United States v. Vermont, 377 U.S. 351, 354–356, 84 S.Ct. 1267, 12 L.Ed.2d 370 (1964); United States v. City of New Britain, supra, 347 U.S. at 84, 74 S.Ct. 367; State Tax Comm'n v. Union Gen. Corp., 208 Misc. 133, 135, 144 N.Y.S.2d 75, 77 (Sup. Ct.1955). Since the earliest State warrant was not filed until September 22, 1958, all three federal claims were first in time and, therefore, have priority over the State tax claims. *Ibid.*

■ The City claims for real estate taxes, water charges, and sewer rent have statutory priority over the State claims. N.Y.Tax Law § 213(2). On the other hand, the lien of the New York City Housing Authority could not have arisen until some time after the transfer of title to the City in October 1959, and it is therefore subordinate to the State warrant filed September 22, 1958 and the other City and federal claims.

The federal claims and the City claims for real estate taxes, water charges, and sewer rent have priority over the other claims. With interest, they total approximately $7,800.00, and the fund held by the Comptroller is therefore sufficient to satisfy them in full. The balance of the fund, amounting to approximately $900.00, is insufficient to satisfy the State claim of over $2,000.00 represented by the 1958 warrant, which is next in order of priority. It is, therefore, unnecessary to decide further priorities.

Accordingly, the Comptroller of the City of New York is ordered to distribute the fund of $8,631.18 as follows: first, he is to pay in full and with interest the federal tax and judgment liens, and the City real estate taxes, water charges, and sewer rent liens. The Comptroller will pay the remainder of the fund to the State in partial satisfaction of its claim under the September 22, 1958 warrant.

Settle order on notice within ten (10) days.