OPINION OF THE COURT
Edward S. Conway, J.
This is a motion by the defendant New York State Department of Labor for an order for summary judgment for the relief prayed for in the amended answer pursuant to CPLR 3212 upon the ground there is no triable issue of fact.
The action on which the instant motion is predicated arises *661 from a contract dated May 5, 1977, between the State of New York, codefendant, and Arch Painting Co., Inc. for the painting of two bridges on Route 418 over the Schroon and Hudson Rivers. Payments were authorized by the Department of Transportation and made by the Department of Audit and Control as the work progressed. On August 26, 1977, the Department of Labor received several claims for wages by employees of the contractor, Arch Painting Co., Inc. The Department of Labor then filed a notice with the Department of Audit and Control to withhold future payments under the contract pursuant to section 220-b of the Labor Law. On September 9, 1977, a payment voucher was received by the Department of Audit and Control from the Department of Transportation in the amount of $2,972.80 (the last payment due Arch Painting Co., Inc.). This amount was placed in an escrow account pursuant to the Department of Labor order.
Thereafter on September 19, 1977, and October 27, 1977, defendant Albany Ladder Co., Inc. and plaintiff the Passonno Corporation respectively filed liens against the Arch Painting Co., Inc. On February 24, 1978, defendant Internal Revenue Service filed a lien against Arch Painting Co., Inc. Subsequently, on March 30, 1978, the Department of Labor filed a stipulation of assignment of money, which indicated that the wage claims of the employees under the contract amounted to $4,793.32.
The plaintiff Passonno instituted the instant lien foreclosure action in July of 1978, naming the Department of Labor as a defendant. The Labor Department makes the instant motion for summary judgment contending that it has a claim to the $2,972.80 due to Arch Painting Co., Inc. which is superior to any claims of the mechanics lienors herein. Their withholding notice enjoys a priority under section 220-b of the Labor Law superior to the materialmen’s claims under the Lien Law.
The plaintiff, Passonno Corporation and defendant Albany Ladder Co., Inc. oppose the motion for summary judgment contending that they are interested persons under section 220-b of the Labor Law and should have been notified of any hearing or investigation into the employees’ wage claims.
This court cannot agree with the contention of Passonno Corporation and Albany Ladder Co., Inc. Subdivision 2 of section 220-b of the Labor Law provides insofar as pertinent as follows: “When any interested person shall file a written *662 complaint with the fiscal officer, as herein defined, alleging unpaid wages or supplements due for labor performed on a public improvement for which a contract has been entered into, and said labor is alleged to have been performed within the three-year period immediately preceding the date of the filing of said complaint, or if, on the fiscal officer’s own initiative, unpaid wages or supplements appear to be due, the fiscal officer shall immediately so notify the financial officer of the civil division interested, who shall withhold from any payment on account thereof, due the contractor or subcontractor executing said public improvement, sufficient moneys to satisfy said wages and supplements, pending a final determination. The fiscal officer shall then cause an investigation to be made to determine whether any amounts are due to the laborers, workmen or mechanics, or on their respective behalves, on such public improvement, for labor performed after the commencement of the three-year period immediately preceding the filing of the complaint or the commencement of the investigation on his own initiative, as the case may be, and shall order a hearing thereon at a time and place to be specified and shall give notice thereof, together with a copy of such complaint, or a statement of the facts disclosed upon such investigation, which notice shall be served personally or by mail on all interested persons, including the person complained against and upon the financial officer of the civil division interested; such person complained against shall have an opportunity to be heard in respect to the matters complained of, at the time and place specified in such notice, which time shall be not less than five days from the service of said notice. The fiscal officer in such an investigation shall be deemed to be acting in a judicial capacity and shall have the rights to issue subpoenas, administer oaths and examine witnesses.”
The interested parties refer to the laborers or employees who present claims, their employers, the prime contractor and the financial officer. The materialmen are not mentioned in the statute and in fact oftentimes would be unknown at the time of the filing of the notice to withhold. Further, the stipulation of assignment of money constitutes the final determination of the Department of Labor. A requirement of a formal hearing on notice to these lienors after a stipulation as to the amount owed the employees would be unnecessary and moot.
*663 In view of the foregoing, the motion by defendant Department of Labor for summary judgment against plaintiff Passonno Corporation and defendants Albany Ladder Co., Inc. and Arch Painting Co., Inc. that the Department of Labor has a claim to the $2,972.80 due to Arch Painting Co., Inc. superior to any other claims is granted.