OPINION OF THE COURT
Myriam J. Altman, J.
In this action to foreclose a mechanic’s lien, plaintiff seeks an order decreeing the liens of plaintiff valid and superior to those of the defendants and directing the New York City Housing Authority (the Authority) to pay to plaintiff such sums as are necessary and available to satisfy plaintiff’s liens. Defendant Amsterdam Color Works, Inc. (Amsterdam) cross-moves for identical relief.
*530 The Authority entered into three separate contracts with defendant Seaboard Painting Corp. (Seaboard) whereby Seaboard agreed to make certain improvements upon buildings owned and operated by the Authority. Plaintiff and Amsterdam supplied materials to Seaboard to be used in connection with its work on the buildings. Both plaintiff and Amsterdam claim that they have not been fully paid for these supplies and have filed notices of liens for the unpaid amounts upon payments due Seaboard from the Authority pursuant to the contracts. In its answer to the complaint in this action, defendant United States of America (United States) alleges that Seaboard failed to pay certain withholding and F.I.C.A. taxes in connection with its contracts with the Authority and that consequently notices of tax liens were filed with the Secretary of State in Albany. The United States contends that its tax liens have priority over all other claims upon the funds due Seaboard.
The Authority does not dispute the various liens, but rather argues that a final decision as to priorities should not be rendered at this juncture because a hearing is pending before the Office of the Comptroller of the City of New York concerning whether Seaboard has violated section 220 of the Labor Law. The Authority further contends that the Sherwin Williams Company (Sherwin Williams), a judgment creditor of Seaboard, is a necessary party to this action.
Section 220 of the Labor Law provides, inter alia, that laborers employed by a contractor engaged in public work shall not be paid less than the prevailing rate of wage. The law further provides for a method of enforcing this statutory obligation. Section 220-b of the Labor Law authorizes the withholding of funds due a contractor pursuant to a public improvement contract pending an investigation and hearing on a complaint of unpaid wages. The Authority states that a complaint has been made by laborers against Seaboard for failure to pay wages and/or supplemental benefits. The Authority is withholding payment to Seaboard in accordance with a request made by the Comptroller pending a decision on the workers’ complaint.
A withholding pursuant to section 220-b of the Labor Law has priority over materialmen’s claims under the Lien *531 Law (Passonno Corp. v New York State Dept, of Audit & Control, 99 Misc 2d 660). The Lien Law itself provides that “[Laborers for daily or weekly wages having liens under a contract for a public improvement, shall have preference as a class for the full amount of their unpaid wages over all other lienors having liens arising under the same contract and without reference to the time when such laborers shall have filed their notices of liens” (Lien Law, § 25, subd [3]; see, also, 37 NY Jur, Mechanics’ Liens, § 157, p 268). However, it is unclear in this case whether the laborers have filed notices of liens as well as their complaint against Seaboard.
The pending labor hearing does not prevent the court from establishing the priorities of the lienors in this action. While the Authority cannot be directed to make payment to plaintiff or Amsterdam because the amount and availability of the fund is unascertained at this juncture, the issue of the validity of these liens may be resolved (see Anderson v Hayes Constr. Co., 243 NY 140, 150).
The liens of plaintiff and Amsterdam have been filed in accordance with section 12 of the Lien Law and this action was commenced within six months of the filing of the notices of liens (Lien Law, § 18). Apparently, a notice of pendency has also been filed (Lien Law, § 18). The validity of these liens has thus been established. While the sole evidence of the United States’ tax liens is its answer to the complaint, the validity of these liens is not disputed and proper filing with the Secretary of State (Lien Law, § 240) is admitted. The remaining issue, then, is the priority of the liens.
Plaintiff filed its notices of liens on March 19, 1980, the United States on May 6 and May 22,1980 and Amsterdam on June 17, 1980. “Where federal liens are involved, priority of liens is determined by federal law, which follows the common law rule of first in time, first in right, except where specifically varied by statute” (United States v Comptroller of City of N. Y., 248 F Supp 939, 941). In the absence of a contrary statutory provision, plaintiff would have priority and Amsterdam would be subordinated to the United States. However, subdivision (4) of section 25 of the Lien Law which establishes priorities among lienors under *532 contracts for public improvements. specifically provides that “[tjhere shall be no priority * * * among other lienors as a class”. The language of this statute mandates the pro rata participation of plaintiff and Amsterdam, both material lienors, in the funds available for distribution. This statute varies the common-law rule under the circumstances of this case and subordinates the United States’ tax liens to the liens of both plaintiff and Amsterdam. To satisfy the statutory mandate by holding to the contrary — that plaintiff and Amsterdam are to share on parity, but be subordinated to the tax liens — would unfairly penalize plaintiff, which was the first to file its liens.
With respect to the Authority’s contention that Sherwin Williams is a necessary party to this action, section 62 of the Lien Law provides for the addition of parties to an action. An application made by a party to join a “lienor who has filed a notice of lien after the commencement of an action” may be granted in the discretion of the court. The information set forth by the Authority indicates that Sherwin Williams is a judgment creditor, not a lienor under the Lien Law. The “statute is specifically limited to notices of mechanic’s liens and does not include judgment creditors even though their judgment is a lien” (Hurley Sand & Gravel Co. v Italian-American Civ. Rights League, 76 Misc 2d 305, 307). Consequently, the Authority’s application is denied.
Accordingly, plaintiff’s motion and Amsterdam’s cross motion are granted to the extent heretofore indicated. Settle order and partial judgment together with a copy of the notice of pendency filed in this action.