917 F.2d 1302
Unpublished Disposition
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
UNITED STATES of America, Plaintiff-Appellee,
v.
Brian Robert KEITH, Defendant-Appellant.
 No. 90-5160.
 United States Court of Appeals, Fourth Circuit.
 Argued Oct. 1, 1990.
Decided Nov. 8, 1990.
 
 Appeal from the United States District Court for the District of Maryland, at Baltimore. Joseph C. Howard, District Judge. (CR-89-293-JH)
 Denise Benvenga, Federal Public Defender's Office, Baltimore, Md. (Argued), for appellant; Fred Warren Bennett, Federal Public Defender, Baltimore, Md., on brief.
 Richard Charles Kay, Special Assistant United States Attorney, Baltimore, Md. (Argued), for appellee; Breckinridge Long Willcox, United States Attorney, Gregg L. Bernstein, Assistant United States Attorney, Baltimore, Md., on brief.
 D.Md.
 AFFIRMED.
 Before SPROUSE, CHAPMAN and WILKINSON, Circuit Judges.
 PER CURIAM:
 
 
 1
 Appellant Brian Robert Keith challenges his conviction, following a trial to the bench, of violating 18 U.S.C. Sec. 1503 by endeavoring to influence, obstruct and impede the administration of justice by making false statements in regard to the circumstances of his employment to a United States District Judge, who was presiding over the sentencing of said appellant for another offense. Appellant claims that the evidence was not sufficient to convict him, primarily because the government did not prove that his falsehoods actually influenced the actions of the district judge. We find no merit to this exception because the language of the statute is clear and requires only an endeavor to influence, obstruct or impede an officer of any court of the United States in the discharge of his duties. Therefore, we affirm.
 
 
 2
 On May 18, 1989, appellant was convicted of one count of conspiracy and one count of bank fraud. Prior to sentencing for these offenses, Keith sought temporary employment in order that he could advise the sentencing judge that he was employed with the hope that he would not receive a sentence of confinement. In seeking temporary employment, he lied about his conviction and his prior employment and security clearance. He was referred to the United States Postal Service and told a number of lies in an effort to obtain employment for at least one day in order that he could advise the judge that he was employed. At sentencing he lied to the judge about his employment, about his rate of compensation and about his having told his employer that he had been convicted of a felony.
 
 
 3
 After hearing the evidence on the present charge of violating 18 U.S.C. Sec. 1503, the district court found Keith guilty and concluded: "Simply put, the defendant is a prevaricator who lies in order to get what he wants, and in this case it was foreseeable to the defendant that his lies might reduce his sentence." The trial judge also found that 18 U.S.C. Sec. 1503 requires specific intent directed toward an endeavor to influence, obstruct or impede, but that it was of no consequence that the endeavor was or was not successful.
 
 
 4
 The language of the statute is clear and unambiguous. In pertinent part it provides:
 
 
 5
 Sec. 1503. Influencing or injuring officer or juror generally
 
 
 6
 Whoever corruptly ... endeavors to influence, intimidate, or impede any ... officer in or of any court of the United States ... in the discharge of his duty, ... or corruptly ... influences, obstructs or impedes, or endeavors to influence, obstruct, or impede, the due administration of justice, shall be fined ... or imprisoned ... or both.
 
 
 7
 Congress could not have made it more clear that an endeavor to influence, obstruct or impede the administration of justice is a crime under this statute. There is no dispute that Keith intended to influence the sentencing judge to give him a lighter sentence as a result of his false statements about his employment. This is the specific intent required. It is not necessary that the appellant's endeavor to influence the court be successful in order to sustain the conviction. In Osborn v. United States, 385 U.S. 323 (1966), the Court observed that the word "endeavor" had been used in the statute and it described any effort " 'to accomplish the evil purpose that the section was enacted to prevent.' " Id. at 333 (quoting United States v. Russell, 255 U.S. 128, 143 (1921)). It is not necessary that the endeavor succeed.
 
 
 8
 There was substantial evidence to support the verdict of guilty, and the trial court's finding of an endeavor to influence the sentencing court was not clearly erroneous.
 
 
 9
 AFFIRMED.